IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  08-cv-01548-WYD

TANYA R. BUTLER,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

**ORDER**

    THIS MATTER is before the Court in connection with Plaintiff's Motion for Authorization of Attorney Fees Under 42 U.S.C. § 406(b) filed February 24, 2011. Plaintiff's attorney moves the court for fees in the amount of $8.954.92, which amount represents 25% of the past-due Social Security disability benefits paid on Plaintiff's account.  This amount reflects deductions for attorney fees received pursuant to the Equal Access to Justice Act in the amount of $4,209.33.  The Motion asserts that Plaintiff does not object to the amount sought.  A Memorandum was filed in support of the motion on February 25, 2011, and documentation in support of the Motion is attached to both the Motion and Memorandum.

    Turning to my analysis, "[f]or proceedings in court, Congress provided for fees on rendition of 'a judgment favorable to a claimant.'"  *Gisbrecht v. Barnhart*, 535 U.S. 789, 795 (2002) (quoting 42 U.S.C. § 406(b)(1)(A)).  "As part of its judgment, a court may allow 'a reasonable fee ⋯ not in excess of 25 percent of the past-due benefits' awarded

to the claimant." *Id.* (quoting *id.*)  "The fee is payable 'out of, and not in addition to, the amount of [the] past-due benefits.'" *Id.* (quoting *id.*)

Having reviewed the Motion, Memorandum and attachments thereto, I find that the amount of fees sought is reasonable for substantially the reasons set forth in the Memorandum.  Plaintiff entered into a contingent fee agreement whereby counsel would be awarded 25% of the fees, and the fee request is consistent with that.  Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht*, 535 U.S. at 807-09.  Instead, "§ 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Id.*  I find that the requested fee is reasonable because it reflects the contingent nature of the recovery.

I also find that the fee is reasonable because there was a substantial risk of loss in connection with the case, Plaintiff's attorney devoted considerable time and effort to presentation of Plaintiff's position, and the results were favorable to Plaintiff.  On remand, Plaintiff recouped a significant amount in wrongfully denied past-due benefits and is entitled to ongoing monthly benefits for which Plaintiff will not pay a fee.  Finally, while the Memorandum indicated that Defendant intended to oppose the motion, no opposition or response was actually filed by Defendant.  Accordingly, it is

ORDERED that the Motion for Authorization of Attorney Fees Under 42 U.S.C. § 406(b) filed by Plaintiff's counsel (ECF No. 21) is **GRANTED**.  In accordance therewith, it is

ORDERED that Plaintiff's counsel is awarded an attorneys fee in the amount of **$8.954.92** pursuant to 42 U.S.C. § 406(b).

Dated:  May 6, 2011

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge